UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

JORGE JEREZ,

                Petitioner

    – against –

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/12

11 Civ. 3216 (TPG)
09 cr. 96 (TPG)

**OPINION**

*Pro se* petitioner Jorge Jerez pleaded guilty in this court to one count of possession of five hundred grams or more of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B). He makes this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing that he was deprived of his Sixth Amendment right to effective counsel by his lawyer's actions at and after sentencing. The Government has answered to oppose the motion.

Petitioner's motion is denied.

**Background**

The following facts are taken from petitioner's motion, the record from his criminal case, his plea agreement, and an affidavit supplied by his trial attorney Mark Cohen.

On October 8, 2008, petitioner was charged with possessing five kilograms or more of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A). On January 27, 2010, petitioner pleaded guilty to the

aforementioned lesser-included offense pursuant to a plea agreement with the Government. That agreement contained a stipulated offense level of 27 for sentencing purposes, yielding a Sentencing Guidelines range of 70 to 87 months' imprisonment. In addition, 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum sentence of 60 months' imprisonment. The agreement also specified that petitioner would not seek relief from the mandatory minimum under 18 U.S.C. § 3553(f), a so-called "safety valve" provision that authorizes the sentencing court to ignore the mandatory minimum sentence for various drug crimes in certain conditions. At his allocution, petitioner stated that he had reviewed the plea agreement with his attorney and understood that he faced a minimum sentence of 60 months, and the court accepted his plea.

Petitioner was sentenced on April 28, 2010. During the proceeding, his attorney argued for the mandatory minimum sentence of 60 months' imprisonment, which was imposed. Petitioner's judgment of conviction was entered on May 4, 2010, and petitioner did not appeal from his sentence.

Petitioner now argues that he pleaded guilty with the understanding that he would be sentenced to a term in prison shorter than the mandatory minimum, because his attorney would seek relief under 18 U.S.C. § 3553(f).

Petitioner's motion presents three claims. First, petitioner claims that his trial counsel was ineffective for failing to seek relief under 18 U.S.C. § 3553(f) at sentencing. Second, he claims that his counsel was ineffective for failing to seek a downward departure from the Guidelines calculation pursuant to § 5k2.16 of the Guidelines Manual. Third, he claims that his counsel was

ineffective for failing to file a notice of appeal related to these issues despite allegedly being instructed by petitioner to do so.

## Discussion

I)   Legal Standard

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Puglisi v. United States, 586 F.3d 209, 214 (2d Cir. 2009).

II)  The Strickland standard

Although petitioner neglected to raise his claims on direct appeal, he is not procedurally barred from bringing them pursuant to § 2255, since they allege violations of the Sixth Amendment right to effective assistance of counsel. See Massaro v United States, 538 U.S. 500 (2003). Thus petitioner's claims are ultimately governed by the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). Under this standard, petitioner must show that counsel's conduct fell below "an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-89, 693-94.

III)   Analysis

Petitioner's first claim is that his counsel was ineffective for failing to move for "safety-valve" relief under 18 U.S.C. § 3553(f) at petitioner's sentencing. This claim is belied by all the objective evidence on the record. Petitioner's plea agreement clearly and explicitly took 18 U.S.C. § 3553(f) relief off the table in exchange for a guilty plea to a lesser offense than that charged. Petitioner signed that plea agreement, and he stated in open court that he had reviewed it with his attorney and understood that he faced a mandatory minimum of 60 months' imprisonment. In these circumstances, counsel did not act inappropriately by failing to invoke § 3553(f) at the sentencing hearing.

Petitioner's second claim is that his counsel was ineffective for failing to move for a downward departure under § 5k2.16 of the Sentencing Guidelines. Setting aside the applicability of that provision to petitioner's case, the claim is denied for the simple reason that had counsel invoked the provision, petitioner could not have received a sentence lower than the mandatory minimum sentence he actually received. Accordingly, petitioner cannot make the showing of prejudice required by Strickland.

Petitioner's third claim is that his trial counsel failed to file a notice of appeal despite petitioner's request that he do so. Petitioner waived the right to appeal a sentence within or below the Guidelines range in his plea agreement, and he received a sentence significantly below the guideline range of 70 to 87 months' imprisonment. However, the Second Circuit has held that even where

a defendant has waived the right to appeal in a plea agreement, his lawyer is *per se* ineffective if he fails to file a notice of appeal after being instructed by his client to do so. See Campusano v. United States, 442 F.3d 770, 776-77 (2d Cir. 2006).

Petitioner claims that he asked his attorney to file an appeal, because he believed that he would receive a lesser sentence of 37 to 46 months pursuant to 18 U.S.C. § 3553(f). But again, petitioner's plea agreement specifically excluded the possibility of safety-valve relief from the mandatory minimum sentence of sixty months. In essence, petitioner argues that he asked his attorney to appeal the lowest possible sentence he could have received under a plea agreement he signed and professed to understand, because he did not receive a type of relief that the agreement disallowed.

Petitioner's trial counsel, on the other hand, has submitted an affidavit stating that he discussed the trade-offs of the plea agreement with his client, and since the sentence reflected that agreement, petitioner did not instruct him to appeal. The plea agreement, the court record, and Mr. Cohen's affidavit cumulatively render petitioner's factual claim implausible. In these circumstances, the court can conclude that petitioner did not ask his counsel to file a notice of appeal. Consequently, petitioner's third claim fails.

## Conclusion

For the foregoing reasons, the motion is dismissed. As petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

SO ORDERED.

Dated:  New York, New York
        February 14, 2012

                                                        /s/ Thomas P. Griesa
                                                        Thomas P. Griesa
                                                        U.S.D.J.